El Pueblo de Puerto Rico, demandante y apelante, *v.* Luis Enrique Cano, acusado y apelado.

No. 4565.—*Sometido:* Enero 14, 1932. *Resuelto:* Marzo 10, 1932.

*E. Díaz Viera, Fiscal,* abogado de *El Pueblo,* apelante; *E. Ramos Antonini,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Esta apelación ha sido interpuesta por el fiscal contra resolución de la Corte de Distrito de Ponce que concedió un nuevo juicio al apelado por el motivo de pruebas que descubrió después de la celebración del juicio.

El apelado no ha presentado alegato ni asistió a la vista que tuvo lugar ante nosotros al oírse este recurso.

La acusación imputa al apelado que en los últimos días de noviembre y a principios de diciembre de 1929 tuvo acto carnal con la niña menor de catorce años Leonor Santiago Rodríguez, que no era su esposa. Para probar el fiscal la edad de la niña presentó certificación del encargado del Registro Civil en la que se dice que nació el 20 de enero de 1918, por lo que de acuerdo con ella tenía once años y diez meses de edad cuando se realizó el acto imputado al apelado. Al ser presentado ese documento y decir el juez de la corte con referencia a él que la niña tenía en la fecha a que se refiere la acusación once años y meses de edad dijo el padre de ella, que estaba declarando, "Esa misma edad." El expresado documento no es una certificación literal de la inscripción sino en relación y no contiene la fecha en que el asiento original fué hecho. Fué admitido sin objeción del apelado.

En la solicitud de nuevo juicio se alegó por el acusado

haber descubierto nuevas pruebas consistentes en el acta de bautismo de la expresada niña, de la que aparece que fué bautizada el 23 de marzo de 1919, habiendo nacido el 20 de febrero de 1917; en la declaración de su padrino según la cual al ser bautizada era bastante grande y hablaba; y en la de uno de los testigos de la inscripción en el registro civil en la que afirma que en la fecha en que fué hecha la inscripción de la niña era grandecita y ya hablaba.

Dice el acusado en la petición que no le fué posible descubrir esa prueba a pesar de que dedicó muchos días buscando a las personas que ahora deponen, habiéndole sido difícil encontrarlas; que creyó que la apariencia de la niña demostraría al jurado que tenía más de catorce años; que buscó inútilmente el documento que presenta y que con la nueva prueba el veredicto probablemente sería distinto.

El motivo fundamental que tuvo la corte inferior para la concesión de nuevo juicio fué que ''la prueba debe ser sometida al jurado para que en un caso de la naturaleza grave de que es éste, de violación, y dadas las circunstancias especialísimas que concurren en la forma en que se cometió este delito, es decir, la forma en que actuó el acusado en la propia casa de su esposa en una habitación contigua, con la puerta abierta, con la luz encendida, estando la esposa en su habitación y el acusado en la habitación contigua con la puerta abierta, donde estaba esta sirvienta—el jurado dió crédito, a pesar de estas circunstancias, a que se cometió el delito—podría ser que el jurado le diera crédito a esto, tomando en consideración que se trata de un caso de violación técnica en una menor de catorce años, y como la prueba que se aporta es, precisamente, para atacar el hecho de que esta niña fuera menor de catorce años con las certificaciones de la parroquia y del Registro Civil, la corte es de opinión que esta prueba quizás, de haberla conocido el jurado, le hubiera hecho variar en el veredicto, y que sería un abuso de la discreción de la corte, teniendo la corte esa misma

duda en su mente, el no permitir en este caso que el acusado tuviera oportunidad de presentar esta prueba al jurado.''

La corte inferior fué también de parecer que el acusado no tuvo esa prueba a su alcance el día del juicio y que no pudo conseguirla hasta después, a pesar de que a los siete días del juicio ya tenía en su poder la partida de bautismo y las declaraciones de los testigos que presentó y a pesar de haber ocurrido el hecho perseguido en el pueblo en que vivía la niña y donde fué inscrita en el Registro Civil y bautizada en su Parroquia y aparecer de esos asientos que los nombres de los testigos ofrecidos después del juicio constan en dichos documentos y que uno de ellos vive en el mismo pueblo y el otro en otro muy inmediato, pero no trataremos esa cuestión porque el estudio que hemos hecho de este recurso nos hace concluir que la resolución concediendo el nuevo juicio debe ser revocada por algo más fundamental.

Hemos dicho que según el Registro Civil la niña tenía once años y diez meses de edad cuando fué realizado el hecho que se persigue en esta causa; y según el acta de bautismo hecha el 23 de marzo de 1919, la niña nació el 20 de febrero de 1917, de modo que según esa partida tenía doce años y nueve meses de edad cuando el delito fué cometido, o sea menos de los catorce años fijados por la ley para que exista violación sin tener en cuenta el consentimiento de la mujer, y tenía dos años y un mes de edad cuando fué bautizada, por lo que puede ser cierto como dice su padrino que era bastante grande y hablaba. Por consiguiente la certificación de la Parroquia y las dos declaraciones no demuestran que la niña tuviera catorce años de edad en la fecha a que se refiere la acusación y por eso tal prueba no podría producir por razón de la edad un veredicto distinto al que fué rendido por el jurado y así resulta improcedente la concesión de un nuevo juicio por tales pruebas.

Las demás circunstancias a que se refiere la corte respecto a la manera en que se dice cometido el delito y a

la forma en que actuó el acusado en su propia casa podrían ser propias en una apelación contra la sentencia por insuficiencia de la prueba pero no para conceder un nuevo juicio por pruebas nuevamente descubiertas.

*La resolución apelada debe ser revocada.*