EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS ENRIQUE CANO, acusado y apelante.

No. 4904.—*Sometido:* Abril 4, 1933. *Resuelto:* Julio 11, 1933.

*E. Ramos Antonini,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Cano fué convicto del delito de violación estatutaria y solicitó un nuevo juicio. A un testigo se le preguntó qué concepto tenía formado de la reputación y moral del acusado. El fiscal se opuso fundándose en que el concepto del testigo y la reputación del acusado no tenían importancia alguna. El juez sostuvo esta objeción y el acusado se anotó una excepción. Uno de los fundamentos alegados en la moción de

nuevo juicio fué el error cometido al sostenerse esta objeción. Otro fundamento fué el supuesto error al declararse sin lugar una moción solicitando se instruyera al jurado para que trajera un veredicto absolutorio. Otro, que el veredicto era contrario a derecho y a la prueba. Uno de varios otros fundamentos fué haberse descubierto nueva prueba. Debido al descubrimiento de esta nueva prueba se concedió un nuevo juicio. La orden concediendo el nuevo juicio fué revocada en el caso de *El Pueblo* v. *Cano,* 43 D.P.R. 175. Según se indica en la opinión, el acusado no radicó alegato alguno ni compareció a la vista celebrada ante esta corte. Si hubiese hecho una u otra cosa, tal vez la orden apelada habría sido confirmada. Una idea de las dudas tenidas por el juez sentenciador poco después del juicio podría concebirse de los hechos reseñados en la opinión en que se basó la revocación.

Al llamarse al acusado nuevamente para que manifestara las razones por las cuales no debería dictarse sentencia en su contra, presentó otra vez su moción de nuevo juicio basada en todos los fundamentos aducidos en la moción original, excepto el referente al descubrimiento de nueva prueba a virtud de la cual él suscitó la única cuestión directamente resuelta por la corte de distrito al decidir la moción original, al igual que por esta corte en la apelación anterior. El acusado apela ahora de una orden declarando sin lugar esta moción y de la sentencia consiguiente.

Al declararse sin lugar la segunda moción de nuevo juicio presentada por el acusado, el juez de distrito dijo que no obstante la naturaleza extraordinaria del caso, nunca anularía el veredicto del jurado por insuficiencia de la prueba sino que dejaría que esa cuestión fuese resuelta por el Tribunal Supremo. En la apelación anterior esta corte, refiriéndose a un comentario más extenso hecho por el juez de distrito sobre la naturaleza extraordinaria del caso, dijo: "Las demás circunstancias a que se refiere la corte respecto a la manera en que se dice cometido el delito y a la forma en que actuó el acusado en su propia casa podrían ser propias

en una apelación contra la sentencia por insuficiencia de la prueba pero no para conceder un nuevo juicio por pruebas nuevamente descubiertas.'' El juez de distrito parece haber sido influído grandemente por este *dictum* para llegar a su decisión de que no resolvería la cuestión relativa a la suficiencia de la prueba para sostener el veredicto, sino que la dejaría pendiente para que fuese resuelta por este tribunal en apelación. Esto, desde luego, fué un error. Si el juez de distrito estaba convencido de que la prueba era insuficiente, debió haber anulado el veredicto. Si no lo estaba, debió haber declarado sin lugar la moción por ese motivo, a menos que estuviese convencido de que debía ser declarada con lugar por alguna otra razón.

Ni al tiempo de conceder el nuevo juicio ni en el momento de declarar sin lugar la segunda moción de nuevo juicio mencionó el juez de distrito la contención de que él había cometido error al excluir prueba relativa a la buena conducta (*character*) 'del acusado. El derecho que tiene el acusado a probar su buena conducta es una cosa. La forma en que esa conducta debe ser probada es otra. Los letrados de ambas partes en el presente caso están ahora familiarizados con el método generalmente aceptado de establecer la buena conducta de un acusado y con la acentuada crítica que se ha hecho a ese método, que puede conducir a alguna modificación del mismo en el porvenir. Echando a un lado, para los fines de esta opinión, cualquier cuestión relativa al conocimiento que se tenga del acusado y a la oportunidad para observarle, no podemos estar de acuerdo con el criterio de que ni el concepto de un testigo respecto a la buena conducta de un acusado, ni la reputación de éste, es cuestión que carece de importancia alguna.

*La orden y sentencia apeladas deben ser revocadas y devolverse el caso para un nuevo juicio.*